**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| KIABI WILKERSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 09-CV-0251-CVE-TLW |
| ) | |
| MILLICENT NEWTON-EMBRY, ) | |
| ) | |
| Respondent. ) | |

**OPINION AND ORDER**

Before the Court is the 28 U.S.C. § 2254 habeas corpus petition (Dkt. # 1) filed by Petitioner Kiabi Wilkerson, a state prisoner appearing pro se. Respondent filed a response to the petition (Dkt. # 5), and provided the state court record necessary for resolution of Petitioner's claims (Dkt. ## 5, 6, and 7). Petitioner filed a reply (Dkt. # 8). For the reasons discussed below, the Court finds the petition for writ of habeas corpus shall be denied.

*BACKGROUND*

On December 28, 2005, Petitioner Kiabi Wilkerson, along with Commencia Foster and Germicca Davis, had a heated argument with Emily Jones at the house where Jones lived along with her sister, Angela Hope and her uncle, Fred Tucker. Petitioner was armed with a mini-baseball bat during this initial altercation. As the verbal argument escalated, Tucker asked Petitioner, Foster and Davis to leave. They complied with Tucker's request, but returned after 20-30 minutes. As Foster drove past Jones' house, Jones came out of the house. Petitioner, who was in the front passenger seat and nearest to Jones, retrieved a gun from Foster's purse and fired the gun 3-4 times from her position in the car. One of the bullets struck and killed Angela Hope, who had walked to the front door when the car drove up. Petitioner claimed she shot the gun into the air and never intended to

injure anyone. She also claimed that she panicked and fired the gun because Jones was approaching the car armed with a knife.

Based on those events, Petitioner was charged by an amended information filed in Tulsa County District Court, Case No. CF-2006-14, with one count of First Degree Murder or, in the alternative, one count of Second Degree Murder. At the conclusion of a jury trial, Petitioner was found guilty of Second Degree Murder. On April 16, 2007, the trial court judge sentenced Petitioner in accordance with the jury's recommendation to life imprisonment with the possibility of parole. Petitioner was represented during trial and sentencing proceedings by attorney Jackson Zanerhaft. The case was prosecuted by Assistant Tulsa County District Attorneys Steve Kunzweiler and Tanya Wilson.

Petitioner perfected a direct appeal in the Oklahoma Court of Criminal Appeals ("OCCA"). Represented by attorney Kathleen M. Smith, Petitioner raised the following propositions of error:

> Proposition 1: Ms. Wilkerson's jury was tainted by exposure to extraneous information in violation of her rights to a fair trial.
>
> Proposition 2: The trial court committed reversible error by allowing the State to introduce minimally relevant and highly prejudicial evidence in violation of Ms. Wilkerson's rights under the Fourteenth Amendment to the United States Constitution and Article II, §§ 7 and 9 of the Oklahoma Constitution.
>
> Proposition 3: Prosecutorial misconduct deprived Ms. Wilkerson of a fair trial.
>     A.    Comments on the defendant's failure to produce evidence.
>     B.    Inflammatory character evidence.
>     C.    Vouching for the credibility of state witnesses.
>     D.    Improperly evoking sympathy and societal alarm.
>     E.    Conclusion.
>
> Proposition 4: Ms. Wilkerson was deprived of the effective assistance of counsel in violation of the Sixth and Fourteenth Amendments to the Untied States Constitution and Article II, §§ 7, 9 and 20 of the Oklahoma Constitution.
>
> Proposition 5: Ms. Wilkerson's sentence was excessive.

>    Proposition 6: The accumulation of error in this case deprived Ms. Wilkerson of due process of law and a fair trial in violation of the Fifth, Sixth and Fourteenth Amendments to the United States Constitution and Article II, §§ 7, 9 and 20 of the Oklahoma Constitution.

See Dkt. # 5, Ex. 1. In an unpublished summary opinion filed November 7, 2008, in Case No. F-2007-384 (Dkt. # 5, Ex. 3), the OCCA affirmed the Judgment and Sentence of the district court.

On April 29, 2009, Petitioner filed her federal petition for writ of habeas corpus (Dkt. # 1). In her petition, Petitioner identifies five (5) grounds for relief, as follows:

>    Ground 1: Defendant's Sixth Amendment right was violated when trial judge declined mistrial.
>
>    Ground 2: Defendant's Fourteenth Amendment rights were violated when trial court allowed highly prejudicial but minimally relevant evidence.
>
>    Ground 3: Defendant's constitutional rights were violated when the prosecutor shifted the burden of proof to the defense when the State implied that due to a lack of witnesses the defendant was lying.
>
>    Ground 4: Defendant was denied effective counsel rendering her trial unfair.
>
>    Ground 5: Defendant's sentence was excessive.
>
>    Ground 6: The accumulation of error denied the defendant a fair trial in violation of her constitutional rights.

See Dkt. # 1. In response to the petition, Respondent asserts that Petitioner is not entitled to habeas relief under 28 U.S.C. § 2254(d). See Dkt. # 6.

## *ANALYSIS*

**A.    Exhaustion/Evidentiary Hearing**

Before addressing the claims raised in the petition, the Court must determine whether Petitioner meets the exhaustion requirement of 28 U.S.C. § 2254(b) and (c). See Rose v. Lundy, 455

U.S. 509, 510 (1982). Upon review of the petition and the state court record, the Court finds that Petitioner has exhausted her state court remedies.

In addition, the Court finds that Petitioner is not entitled to an evidentiary hearing. See Williams v. Taylor, 529 U.S. 420 (2000).

**B.     Claims adjudicated by the OCCA**

The Antiterrorism and Effective Death Penalty Act (AEDPA) provides the standard to be applied by federal courts reviewing constitutional claims brought by prisoners challenging state convictions. Under the AEDPA, when a state court has adjudicated a claim, a petitioner may obtain federal habeas relief only if the state decision "was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." See 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 402 (2000); Neill v. Gibson, 278 F.3d 1044, 1050-51 (10th Cir. 2001). When a state court applies the correct federal law to deny relief, a federal habeas court may consider only whether the state court applied the federal law in an objectively reasonable manner. See Bell v. Cone, 535 U.S. 685, 699 (2002); Hooper v. Mullin, 314 F.3d 1162, 1169 (10th Cir. 2002).

In this case, the OCCA adjudicated Petitioner's grounds 1-6 on direct appeal. Therefore, Petitioner's claims will be reviewed pursuant to § 2254(d).

**1.     Denial of request for mistrial based on introduction of extraneous evidence during jury deliberations (ground 1)**

In her first proposition of error, Petitioner claims that her rights under the Sixth Amendment were violated when the trial judge denied her motion for a mistrial after a juror visited the scene of

the shooting while on a lunch break during deliberations. On direct appeal, the OCCA rejected this claim, citing Edwards v. State, 637 P.2d 886, 886 (Okla. Crim. App. 1981), and stating as follows:

> [W]e find no reasonable possibility that Juror A.'s conduct, in driving by the crime scene during a lunch break after deliberations had begun, prejudiced the remaining jurors against Appellant. The trial court did not abuse its discretion in refusing to grant a mistrial. Proposition 1 is denied.

(Dkt. # 5, Ex. 3 (citations and footnote omitted)). In footnote 1 of the summary opinion, the OCCA summarized the facts underlying this claim and further explained that:

> After receiving a note from the jury that Juror A. had driven by the crime scene, the trial court inquired of the other jurors individually to determine whether Juror A.'s comments about her conduct would affect their own deliberative processes, and concluded that they would not. Juror A. was excused from further service, and an alternate was seated in her place. We believe that the trial court's handling of the situation was entirely appropriate. *See Smith v. Phillips*, 455 U.S. 209, 217, 102 S.Ct. 940, 946, 71 L.Ed.2d 78 (1982) ("[D]ue process does not require a new trial every time a juror has been placed in a potentially compromising situation . . . Due process means a jury capable and willing to decide the case solely on the evidence before it, and a trial judge ever watchful to prevent prejudicial occurrences and to determine the effect of such occurrences when they happen").

(Dkt. # 5, Ex. 3 at 2 n.1).

The OCCA's decision was neither an unreasonable application of Supreme Court law nor an unreasonable determination of the facts. The Sixth Amendment requires that a "verdict must be based upon the evidence developed at the trial." Irvin v. Dowd, 366 U.S. 717, 722 (1961). "In the constitutional sense, trial by jury in a criminal case necessarily implies at the very least that the 'evidence developed' against a defendant shall come from the witness stand in a public courtroom where there is full judicial protection of the defendant's right of confrontation, of cross-examination, and of counsel." Turner v. Louisiana, 379 U.S. 466, 472-73 (1965). "Evidence" provided by a fellow juror during deliberations is therefore inconsistent with the right to trial by jury. See Bibbins v. Dalsheim, 21 F.3d 13, 16-18 (2d Cir. 1994) (per curiam) (considering the prejudicial effect of a

juror's statements about the crime scene during deliberations). But not all extraneous evidence requires setting aside the verdict. Black v. Workman, --- F.3d ---, 2012 WL 2152828, at *17 (10th Cir. 2012). A habeas petitioner challenging a state court conviction is entitled to relief only if the error "had substantial and injurious effect or influence in determining the jury's verdict." Id. (quoting Vigil v. Zavaras, 298 F.3d 935, 940 (10th Cir. 2002) (internal quotation marks omitted)). Factors to consider when evaluating the effect or influence of improperly communicated information include: (1) the degree to which the jury discussed and considered the extrinsic information; (2) the extent to which the jury had difficulty reaching a verdict prior to receiving the improper evidence; (3) the degree to which the information related to a material fact in the case; (4) when the jury received the extrinsic evidence; (5) the strength of the legitimate evidence; and (6) whether the extrinsic evidence merely duplicates evidence properly before the jury. Id.

In this case, the record reflects that the jury received the extrinsic information after deliberations had begun. Upon learning of the extrinsic information provided by Juror A., the trial judge promptly questioned Juror A. and each juror individually. See Dkt. # 7-9, Trans. dated March 8, 2007. Juror A. stated that when the jury began reviewing the photographs of the house where the incident occurred, she stated that she "saw the house at lunch" and that "you got to look at how the pictures reflect from the street." Id. at 4. Juror A. also stated that when the jury discussed the neighbors, she said "really, the houses are close together." Id. at 5. Juror A. recalled making no other statements concerning her visit to the scene. The interviews with the other jurors confirm Juror A.'s averment that there was little discussion of her extrinsic information. In addition, each juror told the trial judge that the extrinsic information provided by Juror A. would have no impact on his or her deliberations and that the information would not sway him or her one way or the other.

Although the record does not reflect the precise amount of time spent by the jury in deliberations, it does reflect that they reached a verdict on March 8, 2007, the last day of trial. Significantly, the extrinsic information provided by Juror A. was merely duplicative of the evidence properly before the jury in the form of photographs of the scene.[1] Viewing the record as a whole, the Court finds that the OCCA's rejection of Petitioner's claim on the record before it is entitled to AEDPA deference. Petitioner is not entitled to habeas corpus relief on this claim.

### 2. Admission of highly prejudicial evidence (ground 2)

In ground 2, Petitioner complains that she was denied a fair trial when the trial judge allowed admission of a photograph of a gun, found in Petitioner's home, that was not the murder weapon. See Dkt. # 1. In rejecting this claim on direct appeal, the OCCA found that:

> [T]he trial court did not abuse its discretion in allowing the State to introduce photographic evidence of a handgun found in Appellant's bedroom. The State never alleged that this was the murder weapon; rather, the purpose of the photograph was to impeach Appellant's claim that she had no familiarity with handguns. The jury was never misled as to the probative value of the photograph.

(Dkt. # 5, Ex. 3 at 2 (citations omitted)).

A federal habeas court "'will not question the evidentiary . . . rulings of the state court unless [the petitioner] can show that, because of the court's actions, his trial, as a whole, was rendered fundamentally unfair.'" Maes v. Thomas, 46 F.3d 979, 987 (10th Cir. 1995) (quoting Tapia v. Tansy, 926 F.2d 1554, 1557 (10th Cir. 1991)). After reviewing the trial transcripts, the Court finds that the OCCA's rejection of Petitioner's claim on direct appeal is neither contrary to, nor an unreasonable application of, these general principles. The OCCA's assessment of the purpose of the evidence was

---

[1] As stated by one juror, the information from Juror A. provided "[n]othing that I hadn't already thought. The thoughts that I've already formed were received from the house -- the pictures." See Dkt. # 7-9, Trans. dated March 8, 2007, at 10.

7

not erroneous. Petitioner has not demonstrated that the admission of the evidence rendered her trial fundamentally unfair. Petitioner is not entitled to habeas corpus relief on this claim. 28 U.S.C. § 2254(d).

### 3. Prosecutorial misconduct (ground 3)

In ground 3, Petitioner alleges that she is entitled to habeas corpus relief as a result of prosecutorial misconduct. Petitioner claims that the prosecutor improperly shifted the burden of proof, used inflammatory character evidence, vouched for the credibility of the State's witnesses, and evoked sympathy and societal alarm. See Dkt. # 1. On direct appeal, the OCCA denied relief on this claim, finding that:

> [T]he prosecutor's cross-examination of Appellant, as to the lack of evidence corroborating aspects of her testimony, was not improper. While a defendant in a criminal case is not required to present any evidence, a defendant who elects to testify is subject to impeachment just as any other witness. Nor did the prosecutor unfairly disparage Appellant's character, by pointing out that her conduct was inconsistent with her claim of attempting to protect her children from the domestic dispute that led to the homicide. The prosecutor did not improperly vouch for the credibility of certain witnesses in closing argument; his comments were reasonable inferences from the evidence presented to the jury. Finally, the prosecutor did not evoke victim sympathy or societal alarm in closing argument; the comments were based on the evidence, and asked the jury to find appropriate punishment for Appellant's own conduct, not the conduct of others.

(Dkt. # 5, Ex. 3 (citations omitted)).

Habeas corpus relief is available for prosecutorial misconduct only when the prosecution's conduct is so egregious in the context of the entire trial that it renders the trial fundamentally unfair. Donnelly v. DeChristoforo, 416 U.S. 637, 642-48 (1974); Cummings v. Evans, 161 F.3d 610, 618 (10th Cir. 1998). "To view the prosecutor's statements in context, we look first at the strength of the evidence against the defendant and decide whether the prosecutor's statements plausibly could have

tipped the scales in favor of the prosecution." Fero v. Kerby, 39 F.3d 1462, 1474 (10th Cir. 1994) (quotations omitted); see also Smallwood v. Gibson, 191 F.3d 1257, 1275-76 (10th Cir. 1999).

When viewed in light of the evidence presented at trial, the Court concludes that the referenced questions and comments by the prosecutor did not tip the scales in favor of the prosecution to the detriment of Petitioner's constitutional rights. Petitioner claims that, during her cross examination, the prosecutor shifted the burden of proof when he asked about the lack of witnesses to corroborate her testimony. Petitioner also complains that the prosecutor's line of questioning painted her as a bad mother. Similarly, Petitioner complains that during closing argument, the prosecutor vouched for the credibility of several witnesses for the State, including Frederick Owens, Detective Tuell, and Emily Jones. She also argues that the prosecutor asked the jury to act as a conscience for the community. The Court has carefully reviewed all of the comments and questions complained of by Petitioner. When considered in the context of the entire trial, the prosecutors' questions and comments were nothing more than fair comments on Petitioner's own testimony and Petitioner's failure to successfully impeach or undermine the credibility of eyewitnesses' testimony through cross-examination or otherwise. The comments did not shift any burden of proof or production to Petitioner. The comments did not so infect the trial with unfairness as to render the resulting conviction a denial of due process, see Patton v. Mullin, 425 F.3d 788, 811 (10th Cir. 2005), or so prejudice Petitioner's right to a presumption of innocence or privilege against self-incrimination to amount to a denial of either of those rights. See Hamilton v. Mullin, 436 F.3d 1181, 1187 (10th Cir. 2006) (citing Torres v. Mullin, 317 F.3d 1145, 1158 (10th Cir. 2003)). Petitioner has failed to demonstrate that the OCCA's resolution of this claim was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the

Supreme Court. Nor was the OCCA's decision based on an unreasonable determination of the facts. Petitioner is not entitled to habeas corpus relief as to her claims of prosecutorial misconduct adjudicated by the OCCA on direct appeal. See 28 U.S.C. § 2254(d).

### 4. Ineffective assistance of trial counsel (ground 4)

Next, Petitioner complains that trial counsel provided ineffective assistance in failing to lodge timely or sufficient objections to the prosecutor's cross-examination of Petitioner and to closing arguments. See Dkt. # 1. On direct appeal, the OCCA denied relief, citing Strickland v. Washington, 466 U.S. 668, 694 (1984), and McElmurry v. State, 60 P.3d 4, 36 (Okla. Crim. App. 2002), and finding that "defense counsel's failure to object timely or sufficiently to these instances does not amount to deficient performance." See Dkt. # 5, Ex. 3.

To be entitled to habeas corpus relief on her claim of ineffective assistance of counsel, Petitioner must demonstrate that the OCCA's adjudication of this claim was an unreasonable application of Strickland. Under Strickland, a defendant must show that her counsel's performance was deficient and that the deficient performance was prejudicial. Strickland, 466 U.S. at 687; Osborn v. Shillinger, 997 F.2d 1324, 1328 (10th Cir. 1993). A defendant can establish the first prong by showing that counsel performed below the level expected from a reasonably competent attorney in criminal cases. Strickland, 466 U.S. at 687-88. There is a "strong presumption that counsel's conduct falls within the range of reasonable professional assistance." Id. at 688. In making this determination, a court must "judge . . . [a] counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 690. Moreover, review of counsel's performance must be highly deferential. "[I]t is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was

10

unreasonable." Id. at 689.  To establish the second prong, a defendant must show that this deficient performance prejudiced the defense, to the extent that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694; see also Sallahdin v. Gibson, 275 F.3d 1211, 1235 (10th Cir. 2002); Boyd v. Ward, 179 F.3d 904, 914 (10th Cir. 1999).

The Court agrees with the OCCA that Petitioner cannot satisfy the deficient performance prong of the Strickland standard. Petitioner complains that counsel failed to object to the prosecutor's cross-examination when she testified and to comments made by the prosecutor during closing argument. However, as discussed in Part B(3) above, the underlying claims of prosecutorial misconduct are meritless.  Therefore, trial counsel's failure to object to the prosecutor's questions and comments was not deficient performance. Petitioner has failed to demonstrate that the OCCA's adjudication of this claim was contrary to, or an unreasonable application of federal law as determined by the Supreme Court.  28 U.S.C. § 2254(d).  She is not entitled to habeas corpus relief on this claim.

### 5. Excessive sentence (ground 5)

As her fifth proposition of error, Petitioner alleges that her sentence is excessive.  On direct appeal, the OCCA rejected this claim, citing Freeman v. State, 876 P.2d 283, 291 (Okla. Crim. App. 1994), and finding that "the jury's decision to impose the maximum sentence for Second Degree Murder may be harsh, but having reviewed the evidence, we find no reason to substitute our judgment for it." See Dkt. # 5, Ex. 3.

This Court affords "wide discretion to the state trial court's sentencing decision, and challenges to the decision are not generally constitutionally cognizable, unless it is shown that the sentence imposed is outside the statutory limits or unauthorized by law." Dennis v. Poppel, 222 F.3d 1245, 1258 (10th Cir. 2000). Indeed, the Court's review generally ends "once we determine the sentence is within the limitation set by statute." Id.

Petitioner's sentence of life imprisonment with the possibility of parole is within the statutory range of punishment for the crime of Second Degree Murder. See Okla. Stat. tit. 21, § 701.9(B) (2004) (providing a sentencing range of "not less than ten (10) years nor more than life" for conviction of Second Degree Murder). Though significant, Petitioner's sentence is not "extraordinary" or "grossly disproportionate" for her conviction of Second Degree Murder. See United States v. Gillespie, 452 F.3d 1183, 1190-91 (10th Cir. 2006) (collecting authorities). Petitioner is not entitled to habeas corpus relief on this claim.

### 6. Cumulative error (ground 6)

As her sixth proposition of error, Petitioner alleges that the accumulation of error deprived her of a fair trial in violation of her constitutional rights. On direct appeal, the OCCA denied relief on this claim, citing Sanders v. State, 60 P.3d 1048, 1051 (Okla. Crim. App. 2002), and determining that "because we have found no error in the preceding propositions, we find no error by accumulation." See Dkt. # 5, Ex. 3.

In analyzing a cumulative error claim, the proper inquiry "aggregates all the errors that individually might be harmless [and therefore insufficient to require reversal], and it analyzes whether their cumulative effect on the outcome of the trial is such that collectively they can no longer be determined to be harmless." United States v. Wood, 207 F.3d 1222, 1237 (10th Cir. 2000)

(quotation omitted). Cumulative error analysis is applicable only where there are two or more actual errors. Workman v. Mullin, 342 F.3d 1100, 1116 (10th Cir. 2003). Cumulative impact of non-errors is not part of the analysis. Le v. Mullin, 311 F.3d 1002, 1023 (10th Cir. 2002) (citing United States v. Rivera, 900 F.2d 1462, 1471 (10th Cir. 1990)). Having found no error in this case, the Court finds no basis for a cumulative error analysis. Therefore, Petitioner has failed to demonstrate that the OCCA's rejection of this claim is contrary to, or an unreasonable application of, federal law as determined by the Supreme Court. 28 U.S.C. § 2254(d). She is not entitled to habeas corpus relief on this ground.

**C.  Certificate of appealability**

Rule 11, Rules Governing Section 2254 Cases in the United States District Courts, instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing."  A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings.  Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (citing Barefoot v. Estelle, 463 U.S. 880, 893 (1983)).

In this case, the Court finds that a certificate of appealability should not issue.  Nothing suggests that the Tenth Circuit would find that this Court's application of deference to the decision by the OCCA was debatable amongst jurists of reason. Dockins v. Hines, 374 F.3d 935, 938 (10th Cir. 2004). The record is devoid of any authority suggesting that the Tenth Circuit Court of Appeals would resolve the issues in this case differently. A certificate of appealability shall be denied.

## *CONCLUSION*

After careful review of the record in this case, the Court concludes that Petitioner has not established that she is in custody in violation of the Constitution or laws of the United States. Therefore, her petition for writ of habeas corpus shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. Petitioner's petition for writ of habeas corpus (Dkt. # 1) is **denied**.

2. A separate judgment in favor of Respondent shall be entered in this matter.

3. A certificate of appealability is **denied**.

**DATED** this 2nd day of July, 2012.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE